## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GUENTHER BURNS and <br> HAI THI BURNS <br> 334 Edge Hill Road <br> Glenside, Pennsylvania 19038 <br><br> v. <br><br> SAFECO INSURANCE COMPANY OF <br> AMERICA, a wholly owned subsidiary of <br> LIBERTY MUTUAL GROUP INC. d/b/a <br> AMERICAN STATES INSURANCE <br> COMPANY <br> 175 Berkeley Street <br> Boston, Massachusetts, 02116 | CIVIL ACTION NO. <br><br><br><br> **COMPLAINT AND JURY DEMAND** |

## CIVIL ACTION COMPLAINT

### THE PARTIES

1. Plaintiffs, Guenther Burns and Hai Thi Burns, h/w, are adult individuals; citizens and residents of the Commonwealth of Pennsylvania; and, reside at 334 Edge Hill Road, Glenside, Pennsylvania 19038.

2. Defendant, SafeCo Insurance Company of America, a wholly owned subsidiary of Liberty Mutual Group, Inc., doing business as American States Insurance Company (hereinafter referred to as "SafeCo."); all are corporations or other business entities authorized and licensed to sell and provide automobile financial responsibility insurance in the Commonwealth of Pennsylvania; none are domiciled in Pennsylvania; SafeCo's and Liberty Mutual Group Inc.'s domicile and principal place of business is located at 175 Berkeley Street, Boston, Massachusetts, 02116.

## JURISDICTION

3. This Court has jurisdiction over this matter pursuant to 28 U.S.C. 1332(a)(1) in that "the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between citizens of different States."

4. Venue over this action is appropriate in this matter pursuant to 28 U.S.C. 1391(a)(2), in the Eastern District of Pennsylvania in that: - it is where a substantial part of the events or omissions given rise to the claim occurred.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

5. Plaintiffs aver and incorporate by reference, the averments of Paragraphs 1 through 4 as though the same were fully set forth herein.

6. At all times material to this Civil Action, Plaintiffs had a valid contract with the Defendant, SafeCo, consisting of a policy of automobile insurance, Policy No. K3220333 covering the aforesaid motor vehicle. (See Declarations Page attached as Exhibit "A").

7. At all times relevant and material to this Civil Action, Plaintiff, Guenther Burns, owned, operated, managed, possessed, controlled and/or leased a 2016 Ford F-250, Pennsylvania License Plate No. ZJA6884 and Vehicle Identification No. 1FT7W2B60GEB21344.

8. On or about November 18, 2021, at approximately 7:11 p.m., Plaintiff, Guenther Burns, was the operator of the aforementioned Ford, stopped in an eastbound direction on Welsh Road, at or near Valley Road, Lower Moreland Township, Montgomery County, Pennsylvania, when suddenly and without warning, was struck head-on by an underinsured motorist resulting in serious bodily injuries hereinafter more fully set forth.

9. The underinsured motorist was careless and negligent in the operation of his vehicle so as to cause this collision resulting in serious and permanent injuries and damages to Plaintiff, Guenther Burns.

10. As a direct and proximate result of the negligence of the underinsured motorist, Plaintiff, Guenther Burns, suffered and will continue to suffer from severe and permanent injuries to his bones, joints, muscles, tendons, blood vessels, and soft tissues throughout his entire body.

11. On the date of the aforesaid collision, the vehicle driven by Benjamin Henshaw, was insured, but with a policy of $50,000.00, which coverage is inadequate coverage to fully compensate the Plaintiff herein for the injuries and damages he sustained and, thus, that vehicle and its driver were underinsured.

12. On the date of the aforesaid collision, Plaintiff, Guenther Burns's motor vehicle was insured under a policy of insurance issued by Defendant, SafeCo, with underinsured motorist limits of $50,000.00 per person and $100,000.00 per accident.

13. On or about October 5, 2023, Plaintiff requested that the Defendant, SafeCo, give Plaintiff its consent to settle with the underinsured tortfeasor and asserted a claim for underinsured motorist benefits.

14. On October 10, 2023, Defendant, SafeCo, gave Plaintiff, Guenther Burns, consent to settle with the underinsured tortfeasor.

## COUNT I – BREACH OF CONTRACT
## GUENTHER BURNS v. SAFECO

15. Plaintiff, Guenther Burns, incorporates by reference the allegations contained in Paragraphs 1 through 14, inclusive, of this Complaint as though the same were set forth herein more fully at length.

16. The aforesaid accident was the direct and proximate result of the carelessness and negligence of the underinsured motorist and was due in no part to any act or failure to act on the part of Plaintiff, Guenther Burns.

17. As direct and proximate result of the carelessness and negligence of the aforesaid underinsured motorist, the Plaintiff, Guenther Burns, suffered serious, painful and permanent bodily injuries including but not limited to L4-5 disc protrusion; L3-4 left paramedian disc herniation; L2-3 disc bulging; L1-2 right paramedian disc herniation, Disc degeneration C4-5, C5-6; disc protrusions C5-6, C3-4; disc herniation C2-3; intervertebral disc displacement, thoracic region; intervertebral disc displacement, lumbar region; cervical disc displacement at C4-C5 level; lumbar radiculopathy; sprain of the ligaments of thoracic spine; sprain of the ligaments of cervical spine; right knee pain; muscle spasm of back; posttraumatic headaches; cervical sprain and strain; thoracic sprain and strain; lumbar radiculitis with sprain and strain; left trapezius sprain; as well as mental anguish, severe and substantial emotional distress and loss of the capacity for the enjoyment of life.

18. As a direct and proximate result of the carelessness and negligence of the aforesaid underinsured motorist, Plaintiff, Guenther Burns, was, is and will be required to undergo medical treatment and incur medical costs and expenses in order to alleviate said injuries, pain and suffering.

19. As a direct and proximate result of the carelessness and negligence of the aforesaid underinsured motorist, Plaintiff, Guenther Burns, was, is and will be precluded from engaging in his normal activities and pursuits.

20. The medical documentation of Plaintiff establishes that as a result of the accident caused by the underinsured motorist, Plaintiff, Guenther Burns, sustained permanent injuries resulting in permanent residual disability.

21. Defendant has ignored or has acted with reckless indifference to the proofs submitted by Plaintiff, Guenther Burns, which clearly establish Plaintiff's entitlement to underinsured motorist benefits.

22. Defendant, SafeCo, has never had Plaintiff, Guenther Burns, examined by any physician and, therefore, has no medical evidence or documentation of its own to refute Plaintiff's medical evidence which clearly establishes that Plaintiff's injuries.

23. Despite having no medical evidence of its own to refute Plaintiff, Guenther Burns's, medical evidence, Defendant, SafeCo, without any justification, refused to pay Plaintiff's underinsured motorist benefits under the policy issued to Plaintiff, requiring Plaintiff to file suit to obtain those benefits.

24. Further, Plaintiff, Guenther Burns, has accumulated medical bills and expenses which are recoverable from the underinsured motorist policy herein.

**WHEREFORE,** Plaintiff demands judgment in his favor and against Defendant, SafeCo, in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00) together with interest, costs of suit and attorney's fees.

### COUNT II – BAD FAITH
### GUENTHER BURNS v. SAFECO

25. Plaintiff, Guenther Burns, incorporates by reference the allegations contained in paragraphs 1 through 24, inclusive, of this Complaint as though the same were set forth herein more fully at length.

26. The actions of Defendant, SafeCo, in the handling of Plaintiff's underinsured

motorist claim constitutes bad faith, as defined under 42 Pa.C.S.A. Section 8371 as follows:

    a) Failing to objectively and fairly evaluate Plaintiff's claim;

    b) Engaging in dilatory claim's handling;

    c) Failing to adopt and/or implement reasonable standards in evaluating Plaintiff's claim;

    d) Acting unreasonably and unfairly in response to Plaintiff's claim;

    e) Not attempting in good faith to effectuate a fair, prompt and equitable settlement of Plaintiff's claim in which Defendant's liability under the policy had become reasonably clear;

    f) Subordinating the interest of its insured to its own financial monetary interest;

    g) Failing promptly to offer payment to Plaintiff;

    h) Failing reasonably and adequately to investigate Plaintiff's claim;

    i) Failing to reasonably evaluate and/or review the medical documents in Defendant's, possession;

    j) Violating the fiduciary duty owed to Plaintiff;

    k) Otherwise unreasonably and unfairly withholding underinsured motorist benefits justly due and owing to Plaintiff;

    l) Compelling its insured to file suit and engage in litigation when a less costly and less time-consuming method of resolving a dispute between Plaintiff and Defendant exists;

    m) Compelling Plaintiff to litigate this claim to recover amounts due under the insurance policy;

    n) Failing to make an honest, intelligent and objective settlement offer;

o) Causing Plaintiff to expend money on the presentation of this claim; and

p) Causing Plaintiff to bear the stress and anxiety associated with litigation.

27. As Plaintiff's insurer, Defendant owes a fiduciary, contractual and statutory obligation to investigate, evaluate and negotiate Plaintiff's underinsured motorist claim in good faith and to arrive at a prompt, fair and equitable settlement.

28. Defendant has engaged in wanton and reckless conduct with regard to the welfare, interest and rights of Plaintiff, its insured, and is liable for its bad faith conduct.

29. For all of the reasons set forth above, Defendant has violated the policy of insurance and its obligations as an insurer; has failed to act in good faith toward Plaintiff and has violated 42 Pa.C.S.A. §8371, for which Defendant is liable for compensatory and punitive damages, together with interest, attorney's fees and such other relief as the Court deems appropriate.

30. Defendant's bad faith consisted of, but is not limited to, the following:

a) Failing to provide to Plaintiff contracted-for insurance coverage due to Defendant's own underwriting failings or mistakes;

b) Failing to provide to Plaintiff contracted-for insurance coverage due to Defendant's own authorized agent's failings or mistakes;

c) Failing to provide to Plaintiff contracted-for insurance coverage despite being keenly and fully aware of that stated in (a) and (b), above;

d) Failing to correct or act upon Defendant's underwriting mistakes, despite being aware of same; and,

e) Forcing Plaintiff to file the instant action to recover UIM benefits.

**WHEREFORE,** Plaintiff, Guenther Burns, demands judgment in his favor and against Defendant, SafeCo, in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00),

together with compensatory damages, punitive damages, interest, costs of suit, attorney's fees, and any other damages allowed by 42 Pa. C.S.A.§8371.

## COUNT III
## PLAINTIFF, HAI THI BURNS v. DEFENDANT
### (Loss of Consortium)

31. Plaintiff, Hai Thi Burns, hereby incorporates by reference the allegations contained in paragraphs 1 through 30, inclusive, of this Complaint as though the same were set forth herein more fully at length.

32. As a direct and proximate result of the negligence and carelessness conduct of Defendant herein, Plaintiff, Hai Thi Burns, as spouse of Plaintiff, Guenther Burns, has been deprived of the society, companionship, aid, assistance, earnings and earning power and loss of consortium of said spouse, all of which has and may, in the future, continue to cause her great emotional and financial loss and damage.

**WHEREFORE**, Plaintiff, Hai Thi Burns, demands judgment in her favor and against Defendant, SafeCo., in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00) together with interest, costs and reasonable attorney's fees.

## JURY DEMAND

Plaintiffs herein demand a jury trial.

Respectfully submitted,

**TABAKINWOLFE, LLP**

BY: _____
BRAD S. TABAKIN, ESQUIRE
Attorney I.D. NO. 65649
brad@twlegal.net

BY: _____
RICHARD A. WOLFE, ESQUIRE
Attorney I.D. NO. 78944
rich@twlegal.net

1000 Germantown Pike, B-3
Plymouth Meeting, PA 19462
(215) 525-1616 – phone
(215) 525-5858 – facsimile

*Attorneys for Plaintiffs,
Guenther Burns and Hai Thi Burns, h/w*